```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

                                    )
SIGNATURE FLIGHT SUPPORT            )
CORPORATION                         )
                                    )
      Plaintiff,                    )
                                    )
                                    )
         v.                         )      1:08cv955 (JCC)
                                    )
                                    )
LANDOW AVIATION LIMITED             )
PARTNERSHIP                         )
                                    )
      Defendant.                    )
                                    )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Landow Aviation Limited Partnership's (Defendant) Motion to Dismiss Count III of the complaint brought by Plaintiff Signature Flight Support Corporation (Plaintiff).  For the following reasons, the Court will grant the motion.

### **I. Background**

The facts as alleged in Plaintiffs' Complaint are as follows.  Plaintiff is a Fixed Base Operator (FBO).  It operates numerous FBOs at airports throughout the United States, including Washington Dulles International Airport (Dulles).  FBOs are airport service centers that offer aircraft handling, fuel, parking, maintenance, de-icing, ground services, baggage handling, crew rooms, passenger lounges, and related services to

1

the general aviation and charter aviation industries - the non-commercial aviation industries.

Plaintiff entered into a concession contract with the Metropolitan Washington Airports Authority (MWAA) in 1997 (Concession Contract), which set forth the terms and conditions on which Plaintiff operates an FBO at Dulles.  The Concession Contract also awarded Plaintiff an option on an undeveloped parcel of land at Dulles contiguous to its FBO.  Plaintiff exercised this option and entered into a supplemental agreement (Supplemental Agreement) setting forth Plaintiff's rights in that parcel.  It also entered into a Ground Sublease Agreement (GSA) with Defendant through which some of Plaintiff's rights and obligations were "passed through" to Defendant.  The Supplemental Agreement and GSA were entered into in 2004.

Under the GSA, Defendant is authorized by both Plaintiff and the MWAA to operate the Dulles Jet Center (Center), a corporate hangar facility adjacent to Plaintiff's FBO facilities, but not to act as an FBO.  The GSA gives Plaintiff the exclusive right to provide fuel to Defendant's clients, to direct and service all arriving transient aircraft, and to direct "overflow" transient traffic to Defendant, if necessary.

Since the opening of the Center in 2006, Defendant has improperly expanded the scope of the services that it provides there, invading the business reserved by Plaintiff and MWAA for

Plaintiff.  Defendant is soliciting transient aircraft, servicing approximately 6 transient aircraft per day, and holding itself out as an FBO.  Defendant has not shared any of its fees from these activities with Plaintiff.

On September 15, 2008, Plaintiff filed a complaint alleging five counts (Complaint): Count I for declaratory judgment, Count II for breach of contract, Count III for intentional interference with contract, Count IV for an accounting and disgorgement, and Count V for permanent injunctive relief.  On October 17, 2008, Defendant filed an Answer and a Motion to Dismiss Count III.  Plaintiff opposed this motion on October 31, 2008.  Defendant replied on November 5, 2008.  This matter is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

3

Civ. P. 8. Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

### III. Analysis

In Count III of the Complaint, Plaintiff alleges that Defendant, "through its tortuous, [sic] illegal and improper conduct, has interfered and will continue to interfere with [Plaintiff's] contractual relationship with MWAA as set forth in the [Concession Contract and Supplemental Agreement]." Compl. at ¶ 75. It also alleges that "Plaintiff has been and will continue to be damaged thereby." *Id.* More specifically, Plaintiff alleges earlier in the Complaint that Defendant's servicing of an average of "6 transient aircraft per day" is "interfering with [Plaintiff]'s existing contractual relationship with MWAA, which requires that [Plaintiff] provide these services."[1]  *Id.* at ¶¶ 31-32.

To state a claim for tortious interference with contract, a plaintiff must allege: (1) the existence of a valid

---

[1] Section 3.04 of the Supplemental Agreement provides that "[t]he Authority [MWAA] grants to the Contractor [Plaintiff] the exclusive right to furnish . . . fuel, products and FBO services . . . to the Tenant [Defendant], the Subtenants of the Tenant, and guests, visitors, and invitees of the Tenant and its Subtenants, and customers of the Contractor [Plaintiff] . . . ."

4

contractual relationship; (2) the interferor's knowledge of the relationship; (3) intentional interference inducing or causing a breach or termination of the relationship; and (4) resulting damage to the plaintiff's relationship. *Commerce Funding Corp. v. Worldwide Security Serv's.*, 249 F.3d 204, 210 (4th Cir. 2001) (citing *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985)); *see also Duggin v. Adams*, 234 Va. 221, 226, 360 S.E.2d 832, 835 (1987) (quoting *Chaves*, 335 S.E.2d at 102); *Mona Elec. Grp. v. Truland Serv. Corp.*, 193 F. Supp. 2d 874, 875 (E.D. Va. 2002) (citing *Commerce Funding*, 249 F.3d at 210 and *Chaves*, 335 S.E.2d at 102).

Defendant argues that Count III should be dismissed because Plaintiff failed to allege the third required element: intentional interference inducing or causing a breach or termination of the relationship. It asserts that Plaintiff's allegation that Defendant's aircraft servicing "interfer[es] with [its] existing contractual relationship with MWAA," Compl. at ¶¶ 31-32, is insufficient because it does not include a specific allegation that Plaintiff or MWAA breached the Agreements. In fact, Defendant notes, the Complaint shows that Plaintiff and MWAA continue to consider themselves bound by the Concession Contract and the Supplemental Agreement. Def.'s Mot. to Dismiss at 5 (citing Compl. at ¶¶ 23, 25, 50-52). Plaintiff agrees that this is assertion is accurate. Pl.'s Mem. in Opp'n at 4.

Plaintiff has alleged that Defendant's diversion of approximately 6 transient aircraft per day deprives it of the "full contractual expectancy" of its relationship with MWAA. Pl.'s Mem. in Opp'n at 4 (citing Compl. at ¶¶ 3, 28, 31, 32). The Complaint states that the Supplemental Agreement requires Plaintiff to service all transient aircraft, Plaintiff's business expectancy is that it will do so, and Defendant's diversions prevent Plaintiff from fulfilling this duty. *Id.*

Plaintiff argues that these allegations are sufficient to satisfy the third element of a tortious interference with contract claim. This assertion, however, is contradicted by the plain language of *Chaves*: "(3) intentional interference inducing or causing a breach or termination of the relationship or expectancy."[2] Plaintiff has only alleged that Defendant has induced or caused a decrease in the business that it expected to gain as a result of the contract. By bringing a claim for "intentional interference with contract" and failing to allege a breach or termination of that relationship, Plaintiff has failed to state a claim for tortious interference with contract.

Defendant also asserts a second ground for dismissal of Count III. According to Defendant, Count III should fail because it sounds only in contract, not tort. Defendant submits that the

---

[2] Plaintiff appears to argue that *Chaves* provides a some additional, more lenient, explanation of this element; the Court does not find that within *Chaves*.

6

claim is based solely on the allegation that Defendant has breached its contractual duty not to service transient aircraft. Def.'s Mot. to Dismiss at 6 (citing Compl. at ¶¶ 1, 21-25, 34-46, 66-72).  Because the alleged duty owed by Defendant arises only from the GSA, the Complaint raises a breach of contract claim, but fails to state a claim for tortious interference.[3]

Virginia courts "have acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty."  *17th Street Assoc's, LLP v. Markel Int'l Ins. Co. Ltd.,* 373 F. Supp. 2d 584, 599 (E.D. Va. 2005) (citing *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998), *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)).  This recognition is limited, however, by the requirement that the tortiously breached duty "must be a common law duty, not one existing between the parties solely by virtue of the contract."  *Id.* (citations omitted).  *Cf. Filak v. George*, 594 S.E. 2d 610, 613 (Va. 2004) (noting that "losses suffered as a result of the breach of duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts.") (citation omitted).

---

[3] Defendant has also briefed the issue of whether the Complaint states a cause of action for tortious interference with business expectancy, should the Court find that it does not state a claim for tortious interference with contract.  Def.'s Reply at 2-5.  The Court declines to read such a claim into the Complaint, which explicitly states a claim for interference with contract.

Plaintiff asserts that it properly alleges breach of an additional duty within its allegation that "Landow has improperly and illegally expanded the scope of its services . . . invading the business MWAA and Signature reserved for Signature." *Id.* at ¶ 28, 33.  These allegations are so closely analgous to those presented in *17th Street*, 373 F.Supp.2d at 599-600 (E.D. Va. 2005) that the facts of that case warrant discussion.  The *17th Street* plaintiff alleged intentional interference with business expectancy based on the "deliberate and intentional bad faith refusal of the defendants to comply with the terms of [the agreement].  Such actions amount to an independent, willful tort."  *Id.* at 599.  The Court held that "[t]he mere fact that the complaint contains the words 'independent, willful tort' is insufficient in and of itself to state [an independent tort that is more than the mere breach of a duty imposed by contract]." *Id.* (citations omitted).

Here, Plaintiff merely alleges that Defendant acted "improperly and illegally," a phrase even less sufficient than that in *17th Street* because it does not address the requirement of an independent duty.  The Court finds that Plaintiff alleges only a breach of duties imposed by the GSA and makes no mention of any other duty that the Court could construe as a basis for Count III.  For these reasons, Plaintiff's claim for tortious interference with contract will be dismissed.

## IV. Conclusion

For these reasons, the Court will grant Defendant's motion.

An appropriate Order will issue.

November 17, 2008              _____/s/_____
Alexandria, Virginia                   James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE