```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

                              )
SIGNATURE FLIGHT SUPPORT      )
CORPORATION,                  )
                              )
     Plaintiff,               )
                              )
                              )
     v.                       )    1:08cv955 (JCC)
                              )
                              )
LANDOW AVIATION LIMITED       )
PARTNERSHIP,                  )
                              )
     Defendant.               )
                              )  _____
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Landow Aviation Limited Partnership's (Defendant's) Motion to Strike the Declarations of John G. Farmer and Michael Bennett (Declarations).  For the following reasons, the Court will deny the motion.

### **I. Background**

The facts as alleged in the Amended Complaint are as follows.  Plaintiff is a Fixed Base Operator (FBO) operating numerous FBOs at airports throughout the United States, including Washington Dulles International Airport (Dulles).  FBOs are airport service centers that offer aircraft handling, fuel, parking, maintenance, de-icing, ground services, baggage handling, crew rooms, passenger lounges, and related services to

1

the general aviation and charter aviation industries, i.e., the non-commercial aviation industries.

Plaintiff entered into a concession contract with the Metropolitan Washington Airports Authority (MWAA) in 1997 (Concession Contract), which set forth the terms and conditions under which Plaintiff operates an FBO at Dulles.  There are two FBOs licensed to operate at Dulles: Plaintiff and Landmark Aviation (Landmark).  The Concession Contract also awarded Plaintiff an option on an undeveloped parcel of land at Dulles contiguous to its FBO.  In 2004, Plaintiff exercised this option and entered into a supplemental agreement (Supplemental Agreement) setting forth Plaintiff's rights in that parcel.  At that time, it also entered into a Ground Sublease Agreement (GSA).  In the GSA, Plaintiff "passed through" some of its rights and obligations under the Concession Contract and Supplemental Agreement to Defendant.

Under the GSA, Defendant is authorized by both Plaintiff and the MWAA to operate the Dulles Jet Center (Center), a corporate hangar facility adjacent to Plaintiff's FBO facilities, but not to act as an FBO.  The GSA gives Plaintiff the exclusive right to provide fuel to Defendant's clients, to direct and service all arriving transient aircraft, and to direct "overflow" transient traffic to Defendant, if necessary.

Since the opening of the Center in 2006, Defendant has improperly expanded the scope of the services that it provides, invading the business that Plaintiff and the MWAA have reserved to Plaintiff.  Defendant is soliciting transient aircraft, servicing approximately 6 transient aircraft per day, and holding itself out as an FBO.  Defendant has not shared any of its fees from these activities with Plaintiff.

On September 15, 2008, Plaintiff filed a complaint alleging five counts (Complaint): Count I for declaratory judgment, Count II for breach of contract, Count III for intentional interference with contract, Count IV for an accounting and disgorgement, and Count V, for permanent injunctive relief.  On October 17, 2008, Defendant filed a Motion to Dismiss Count III.  The Court granted this motion on November 17.  On December 2, 2008, Plaintiff filed an amended complaint restating Counts I, II, IV, and V, and bringing Count III for intentional interference with prospective business or economic advantage.

On December 1, 2008, Plaintiff filed a Motion for Preliminary Injunction.  Attached to this motion was the Declaration of John G. Farmer, Pl.'s Mot. for Prelim. Inj. at Ex. A, and the Declaration of Michael Bennett, *id.* at Ex. B.  The Court has taken the Motion for Preliminary Injunction under advisement.

On December 15, 2008, Defendant filed a Motion to Strike the Declarations of John G. Farmer and Michael Bennett. Plaintiff filed a Memorandum in Opposition on December 30, 2008. This matter is currently before the Court.

### III. Analysis

Defendant argues that the Court should strike the Declarations because they (1) do not comply with 28 U.S.C. § 1746, (2) are not based on the declarants' personal knowledge, and (3) contain inappropriate opinions, speculation, and falsities.  Plaintiff submits that the Declarations are based on the declarants' personal knowledge from years of experience in the airline industry and as employees of Plaintiff.  Plaintiff also submits that the Court, when considering a preliminary injunction, may rely on evidence that would be inadmissible at a later stage of the proceeding.  In their briefs, both parties make arguments regarding the individual paragraphs of the two Declarations.  Rather than considering each paragraph separately, the Court will summarize and respond to the parties' main legal arguments.

28 U.S.C. § 1746 requires sworn declarations to be made "in substantially the following form . . . : 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date).'"  Defendant complains that

4

Plaintiff's declarations use this form with the phrase "to the best of my knowledge, information and belief" added to the end. Courts may allow declarations with subscriptions that do not strictly comply with § 1746. *See, e.g., United States v. Roberts*, 308 F.3d 1147, 1154-55 (11th Cir. 2002), *cert. denied*, 538 U.S. 1064 (2003). The Court agrees with *Roberts* that this additional language does not interfere with the Declarations' substantial compliance with § 1746. *Id.* at 1155. The declarants "clearly intended to submit a sworn declaration subject to the penalty of perjury." *Id.* Thus, the Court sees no need to strike the Declarations for this minor deviation.

Defendant argues that the Declarations include hearsay, falsities, speculation, non-expert opinions, legal conclusions, and statements not based on the declarants' personal knowledge. Plaintiff defends the declarations, submitting that Defendant's objections to the Declarations "go more to the witnesses' credibility and the merits of the Declarations." Pl.'s Opp. at 12. It suggests that the proper way for Defendant to challenge the Declarations is by submitting its own version of the events to the Court.

Plaintiff also asserts that any opinions in the Declarations are based on the declarants' personal knowledge. In the Declarations, Farmer and Bennett provide information about the negotiations between the parties regarding the GSA. They

5

also explain their own understandings of the parties' obligations under the Concession Contract and the GSA.  Plaintiff asserts that because this information is based on the declarants' personal knowledge and experience negotiating and performing those contracts, the Declarations are admissible evidence.  Pl.'s Opp'n at 14-15 (citing *Tidewater Skanska, Inc. v. Plateau Elec. Constructors, Inc.*, 2006 U.S. Dist. LEXIS 43923, at *6 (E.D. Va. June 28, 2006)).  It notes that the Seventh Circuit stated that all "'personal knowledge' includes inferences - all knowledge is inferential - and therefore opinions."  *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991).  Plaintiff also argues that these opinions do not constitute inadmissible expert testimony.  *See* Fed. R. Evid. 701.[1]

Both parties have correctly noted that the standard for admissibility of evidence is lower at the preliminary injunction stage than at summary judgment.  *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (collecting cases).  A court's decision on a motion for "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

---

[1] Rule 701 provides: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Therefore, it is appropriate for the courts to consider otherwise inadmissible evidence in this context.  *See* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2949 (2d ed. 1995).

This otherwise inadmissible evidence often includes affidavits submitted by the parties.  *United States ex rel. Taxpayers Against Fraud v. Link Flight Simulation Corp.*, 722 F. Supp. 1248, 1252 (D. Md. 1989).  For example, courts have considered affidavits based on hearsay, *H.J. Meyers & Co. v. Euripedes*, No. 2:96cv172, 1996 U.S. Dist. LEXIS 17217, at *7 (E.D. Va. Mar. 18, 1996), and those which are conclusory, *United States ex rel. Taxpayers Against Fraud*, 722 F. Supp. at 1252. Nonetheless, courts have refused to consider declarations that "do[] not contain sufficient indicia of reliability or applicability to [the person against whom the injunction is sought]," *H.J. Meyers*, 1996 U.S. Dist. LEXIS 17217, at *7, or where "[n]othing in the declarations offered by Defendants suggests that the declarants have personal knowledge of [the plaintiff's] conduct or the terms of [the plaintiff's] employment contract," *Vondran v. McLinn*, No. C 95-20296, 1995 U.S. Dist. LEXIS 21974, at *11 (N.D. Ca. July 5, 1995).

Given the lower standard of admissibility for affidavits at the preliminary injunction stage, the Court will not strike the Declarations.  Both Declarations contain some

hearsay and unnecessary opinions and conclusions.  They also contain information that may be helpful to the Court in reaching a decision on Plaintiff's Motion for Preliminary Injunction. Further, Defendant has submitted its own declarations opposing some of the information in the Declarations of John G. Farmer and Michael Bennett.  The Court will consider the Declarations to the extent that it finds them useful and reliable.

### IV.  Conclusion

For these reasons, the Court will deny Defendant's Motion to Strike.

An appropriate Order will issue.

```
January 13, 2009                     _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE
```