```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

                                    )
SIGNATURE FLIGHT SUPPORT            )
CORPORATION,                        )
                                    )
      Plaintiff,                    )
                                    )
                                    )
         v.                         )      1:08cv955 (JCC)
                                    )
                                    )
LANDOW AVIATION LIMITED             )
PARTNERSHIP,                        )
                                    )
      Defendant.                    )
                                    )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Landow Aviation Limited Partnership's (Defendant's) Motion to Dismiss Count III of Signature Flight Support Corp.'s (Plaintiff's) Amended Complaint.  For the following reasons, the Court will deny the motion.

### I. Background

The facts as alleged in the Amended Complaint are as follows.  Plaintiff is a Fixed Base Operator (FBO) operating numerous FBOs at airports throughout the United States, including Washington Dulles International Airport (Dulles).  FBOs are airport service centers that offer aircraft handling, fuel, parking, maintenance, de-icing, ground services, baggage handling, crew rooms, passenger lounges, and related services to

1

the general aviation and charter aviation industries, i.e., the non-commercial aviation industries.

Plaintiff entered into a concession contract with the Metropolitan Washington Airports Authority (MWAA) in 1997 (Concession Contract), which set forth the terms and conditions under which Plaintiff operates an FBO at Dulles.  There are two FBOs licensed to operate at Dulles: Plaintiff and Landmark Aviation (Landmark).  The Concession Contract also awarded Plaintiff an option on an undeveloped parcel of land at Dulles contiguous to its FBO.  In 2004, Plaintiff exercised this option and entered into a supplemental agreement (Supplemental Agreement) setting forth Plaintiff's rights in that parcel.  At that time, it also entered into a Ground Sublease Agreement (GSA).  In the GSA, Plaintiff "passed through" some of its rights and obligations under the Concession Contract and Supplemental Agreement to Defendant.

Under the GSA, Defendant is authorized by both Plaintiff and the MWAA to operate the Dulles Jet Center (Center), a corporate hangar facility adjacent to Plaintiff's FBO facilities, but not to act as an FBO.  The GSA gives Plaintiff the exclusive right to provide fuel to Defendant's clients, to direct and service all arriving transient aircraft, and to direct "overflow" transient traffic to Defendant, if necessary.

Since the opening of the Center in 2006, Defendant has improperly expanded the scope of the services that it provides, invading the business that Plaintiff and the MWAA have reserved to Plaintiff.  Defendant is soliciting transient aircraft, servicing approximately 6 transient aircraft per day, and holding itself out as an FBO.  Defendant has not shared any of its fees from these activities with Plaintiff.

On September 15, 2008, Plaintiff filed a complaint alleging five counts (Complaint): Count I for declaratory judgment, Count II for breach of contract, Count III for intentional interference with contract, Count IV for an accounting and disgorgement, and Count V, for permanent injunctive relief.  On October 17, 2008, Defendant filed a Motion to Dismiss Count III.  The Court granted this motion on November 17.

On December 2, 2008, Plaintiff filed an amended complaint restating Counts I, II, IV, and V, and bringing Count III for intentional interference with prospective business or economic advantage.  Defendant moved to dismiss Count III on December 22, 2008.  Plaintiff opposed that motion on January 6, 2008.  This matter is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30

F.3d 518, 522 (4th Cir. 1994).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8. Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

### III. Analysis

In Count III of the Amended Complaint, Plaintiff alleges that "[b]ut for Landow's improper and wrongful conduct, Signature has a reasonable certainty that it would have realized its full business expectancy from . . . [servicing] transient aircraft" at Dulles.  Am. Compl. at ¶ 90.  The alleged improper and wrongful conduct includes "a campaign of false, deceptive and misleading statements designed to divert transient aircraft" from Plaintiff to Defendant.  *Id.* at ¶ 82.

4

To state a claim for intentional interference with a business expectancy, a plaintiff must allege:

> (1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued the relationship or realized the expectancy; and (4) damage to plaintiff.

*Smithfield Ham & Prods. Co. v. Portion Pac, Inc.* 905 F. Supp. 346, 349 (E.D. Va. 1995) (citations omitted). In addition, when alleging a mere business expectancy, "the plaintiff must show that the defendant's actions were improper." *Id.* (citing *Duggin v. Adams*, 360 S.E.2d 832, 836 (Va. 1987); *Hechler Chevrolet, Inc. v. Gen. Motors Corp.*, 337 S.E.2d 744, 748 (Va. 1985)).

Methods that have been recognized as "improper" include (1) "means that are illegal or independently tortious," (2) "violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship," (3) means that "violate an established standard of a trade or profession," (4) "[s]harp dealing, overreaching, unfair competition," or "other competitive conduct below the behavior of fair men similarly situated."

5

*Duggin v. Adams*, 360 S.E.2d at 836-37 (internal quotations and citations omitted) (collecting cases).

First, Plaintiff alleges that it "has a reasonable business expectancy" that it will provide standard and supplemental services, for a fee, to "all transient aircraft on Signature's premises at Dulles . . . based, in part, on the terms of the Concession Contract, the Supplemental Agreement and the GSA."  Am. Compl. at ¶¶ 74-77.  Plaintiff also alleges that it "has been, and is currently, engaged in ongoing business relationships with many transient aircraft utilizing Dulles."  *Id.* at ¶ 80.  The Court finds that these allegations are sufficient to allege the first element of a claim for intentional interference with a business expectancy: a business relationship or expectancy with a probability of future economic benefit to plaintiff.

Defendant argues that Plaintiff's allegations are not sufficiently specific because Plaintiff does not identify exactly which aircraft it would service and what fees it would receive for its services.  Nor, according to Defendant, can Plaintiff prove that any specific aircraft would rely on its FBO services over those of Landmark, the other FBO at Dulles.  These arguments have no merit.  Rule 8 only requires Plaintiff to provide "a short and plain statement," "not [] detailed factual allegations."  Fed. R.

6

Civ. P. 8.  Further, a valid business expectancy is still merely an expectancy.  It need not be absolutely guaranteed. *See, e.g. Buffalo Wings Factory, Inc. v. Mohd*, 2007 U.S. Dist. LEXIS 91324, at *25 (E.D. Va. Dec. 12, 2007); *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 710 (E.D. Va. 2003). Plaintiff has satisfied this element by alleging an identifiable business expectancy in the provision of FBO services to transient aircraft at Dulles under the Concession Contract, Supplemental Agreement, and GSA.

Second, Plaintiff alleges that "Landow was and is aware of each of these business expectancies."  Am. Compl. at ¶¶ 78-79.  Plaintiff also provides a number of detailed facts supporting this allegation.  *Id.* at ¶ 78.  The Court finds that these allegations are more than sufficient to allege the second element of Plaintiff's claim: Defendant's knowledge of the relationship or expectancy.

Plaintiff next alleges that Defendant engaged in "a campaign of false, deceptive and misleading statements" with the intent to harm Signature's reputation and its relationships with current and future customers.  *Id.* at ¶¶ 82-84, 87.  Plaintiff further states that "some or many of the aircraft that have used and continue to use the Dulles Jet Center would not have done so but for Landow's

7

communications and its otherwise improper conduct." *Id.* at ¶ 90. Plaintiff identifies 176 aircraft that were Plaintiff's customers, but have also used Defendant's services at least once. *Id.* at ¶¶ 79, 89, Ex. 11. The Court finds that these allegations are sufficient to allege the third element of this claim: Defendant's intentional misconduct and a reasonable certainty that Plaintiff would have realized its business expectancy absent that conduct.

Defendant argues that these allegations are insufficient because they only allege a possibility that Plaintiff would realize its expectancy, not a probability. Def.'s Mem. in Supp. at 11-12 (citing *Rescue Phone, Inc. v. Enforcement Tech. Group, Inc.*, No. 2:07cv58, 2007 U.S. Dist. LEXIS 49401, at *17 (E.D. Va. July 9, 2007)). It also submits that Plaintiff must allege that its expected customers were "loyal and repeat" customers in order to show this probability. Def.'s Mem. in Supp. at 12. As noted above, however, a valid business expectancy is still merely an expectancy. It need not be absolutely guaranteed. *See, e.g. Buffalo Wings*, 2007 U.S. Dist. LEXIS 91324, at *25; *Masco*, 279 F. Supp. 2d at 710. Plaintiff has sufficiently alleged that at least some of its 176 specifically-identified former customers have been lured away by Defendant's conduct.

8

Finally, Defendant argues that, as one of two FBOs at Dulles, Plaintiff is unable to establish with reasonable certainty that any aircraft would use Plaintiff's FBO services over those of Landmark. Plaintiff has pled that it is one of two licensed FBOs at Dulles and identified nearly two hundred planes (by tail number) that have used both it and the Center for FBO services. The Court finds that these statements are sufficient to allege a reasonable certainty that Plaintiff would have continued to provide FBO services to at least some of these aircraft, all of which had patronized it previously. The cases cited by Defendant do not contradict this finding. *See Rescue Phone, Inc.*, 2007 U.S. Dist. LEXIS 49401, at *17; *Buffalo Wings*, 2007 U.S. Dist. LEXIS 91324, at *25; *Masco*, 279 F. Supp. 2d at 710. The Amended Complaint successfully pleads the existence of a business expectancy that Plaintiff would have realized had Defendant not made false and misleading statements regarding its FBO services.

Plaintiff further alleges that "[a]t least 176 transient aircraft that were at one time customers of Signature have utilized the Dulles Jet Center on at least one occasion since Dulles Jet Center opened, thereby harming and damaging Signature." Am. Compl. at ¶ 89; *see also id.* at ¶ 81. The Court finds that this allegation is sufficient

9

to allege the fourth element of Plaintiff's claim: damage to Plaintiff.

Fifth, Plaintiff alleges that "[s]ince the opening of Dulles Jet Center in 2006, Landow has engaged in a campaign of false, deceptive and misleading statements designed to divert transient aircraft from Signature[]." *Id.* at ¶ 82; *see also id.* at ¶¶ 83-86.  Plaintiff alleges that Defendant communicated these statements "to MWAA and other parties, including transient aircraft operators utilizing Signature's premises at Dulles."  *Id.* at 87.  The Court finds that this allegation is sufficient to allege the final element of Plaintiff's claim: improper actions by Defendant.

Defendant asserts that its alleged actions do not qualify as "improper" because Plaintiff fails to allege every element of the separate torts of unfair competition or fraud.  While Defendant may be correct that Plaintiff did not allege these independent torts, a plaintiff need not allege a separate and complete tort to state a claim for tortious interference.  Restatement (Second) of Torts § 767 cmt. c (1979) ("One may be subject to liability for intentional interference even when his fraudulent representation is not of such a character as to subject him to liability for other torts."); *see also Maximus, Inc. v.*

10

*Lockheed Info. Mgmt. Sys. Co.*, 493 S.E.2d 375, 378 (Va. 1997), *rev'd in part on other grounds*, 524 S.E.2d 420 (Va. 2000).

Defendant's argument also ignores the myriad of actions that can constitute "improper conduct" for an intentional interference with business expectancy claim. *See Duggin*, 360 S.E.2d at 836-37 (collecting cases). The basis of Count III is Plaintiff's allegation that Defendant made false, deceptive, and misleading statements to others with the intent to divert Plaintiff's repeat business to itself. Am. Compl. at ¶ 82. The Court finds that these types of statements constitute improper conduct because, as alleged, they fall under the rubric of "misrepresentation or deceit," "[s]harp dealing, overreaching," or "other competitive conduct 'below the behavior of fair men similarly situated.'" *See Duggin*, 360 S.E.2d at 836-37.

Defendant's final argument is that Count III fails to state a claim for which relief can be granted because Plaintiff does not identify a distinct common law duty by Defendant to refrain from servicing transient aircraft at Dulles. Defendant bases this argument on the Court's November 17, 2008 ruling [23] dismissing Plaintiff's claim for tortious interference with contract because Plaintiff only alleged losses suffered as a result of Defendant's

alleged breach of contract.

As the Court noted in that opinion, Virginia courts "have acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty." *17th Street Assoc's, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 599 (E.D. Va. 2005) (citing *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998), *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)).  This recognition is limited, however, by the requirement that the tortiously breached duty "must be a common law duty, not one existing between the parties solely by virtue of the contract."  *Id.* (citations omitted).

Defendant, however, does not address the fact that Plaintiff has made a new allegation that forms the basis of Count III.  Plaintiff's original claim, for intentional interference with contract, was based on the allegation that Defendant "improperly and illegally expanded the scope of its services [under the GSA]. . . invading the business MWAA and Signature reserved for Signature [by the Concession Contract]."  Compl. at ¶¶ 28, 33.  In the Amended Complaint, however, Plaintiff alleges tortious interference with a business expectancy based on the allegation that Defendant made "false, deceptive and misleading statements designed to

divert transient aircraft" from using Plaintiff's FBO services to using Defendant's.  Am. Compl. at ¶ 82.

Plaintiff also alleges that "Landow owes Signature a common law duty to refrain from making false, misleading and deceptive statements regarding Signature's business to Transient aircraft, MWAA and other third parties." *Id.* at ¶ 91.  Thus, Plaintiff's claim no longer relies merely on Defendant's contractual obligations.  Instead, Plaintiff pleads a common law duty not to make false and misleading statements to a competitor's customers.  Such a duty can exist.  *See, e.g., Rescue Phone,* 2007 U.S. Dist. LEXIS 49401, at *17 (allowing this claim to proceed on allegations that Defendants made "statements to customers . . . that Rescue Phone does not have the right to sell its products in violation of ETGI's patent").  For these reasons, the Court finds that Plaintiff has properly pled the existence of a duty separate from those assumed through the Supplemental Agreement and the GSA that Defendant owes to Plaintiff.

### IV.  Conclusion

For these reasons, the Court will deny Defendant's motion.

An appropriate Order will issue.

January 13, 2009                 _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE