```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

SIGNATURE FLIGHT SUPPORT      )
CORPORATION,                  )
                              )
     Plaintiff,               )
                              )
                              )
         v.                   )      1:08cv955 (JCC)
                              )
                              )
LANDOW AVIATION LIMITED       )
PARTNERSHIP,                  )
                              )
     Defendant.               )
```

## **M E M O R A N D U M   O P I N I O N**

Following opening statements, the Court heard argument regarding Plaintiff's intent to offer the testimony of Steven Lee, Plaintiff's Chief Operating Officer, regarding Plaintiff's alleged damages.  Defendant objected to this testimony based on unfair surprise and prejudice, as it submitted that Plaintiff had not notified Defendant of Plaintiff's intent to offer Mr. Lee in lieu of their designated expert, Michael Hodges, on this issue.

In response to Defendant's earlier interrogatory to Plaintiff requesting formation on expert witnesses that Plaintiff intended to offer at trial, Plaintiff represented that it might call Michael Hodges as an expert witness regarding "the calculation of damages that Signature has suffered."  Pl.'s Resp. to Def.'s Interrog. No. 1, Mar. 13, 2009.  Plaintiff did not identify any other potential expert witnesses on the subject of

damages.  Pl.'s Resp. to Def.'s Interrog. No. 1, Mar. 13, 2009.  Describing the substance of Mr. Hodges's intended testimony, Plaintiff stated that it "anticipates that his testimony will closely resemble the facts and opinions presented in [Hodges's] expert report . . . . Signature anticipates that Mr. Hodges will testify as to the facts and on the basis of information contained within his expert reports and the materials attached thereto."  Pl.'s Resp. to Def.'s Interrog. No. 1, Mar. 13, 2009.

In addition, the parties' Rule 26(f) Joint Discovery Plan, dated November 7, 2008, states that the Rule 26(a)(2) deadline for the designation of experts and disclosure of expert testimony was January 7, 2009.  It is undisputed that Mr. Lee was not designated as an expert prior to this time.  Plaintiff argues that the substance of his testimony, however, was disclosed because Mr. Lee's "approach" and Mr. Hodges "approach" "[a]re substantially similar," except for the fact that "the numbers . . . [are] somewhat more exact [now]."  Trial. Tr. June 16, 2009.  Plaintiff expects Mr. Lee to "testify] in accordance with the analysis that's set forth in interrogatory No. 12, but the numbers that [Mr. Lee] has are now actuals instead of averages."  Trial Tr. June 16, 2009.

The Court finds that Mr. Lee may not testify as to Plaintiff's alleged damages because he was not properly designated as an expert witness.  Expert testimony offered at

this late date constitutes unfair surprise to Defendant, and any testimony that Mr. Lee may offer regarding damages would necessarily be expert testimony.  This final conclusion is based on Plaintiff's representations in open court that (1) Mr. Lee's testimony is offered to replace that of Plaintiff's sole expert witness on damages, and (2) that this witness would "testi[fy] in accordance with the analysis that's set forth in interrogatory no. 12, but the numbers that [Mr. Lee] has are now actuals instead of averages."  Trial Tr. June 16, 2009.

For these reasons, the Court finds that, while Plaintiff argues that it intends to offer Mr. Lee as a fact witness, any testimony by him regarding damages would necessarily constitute expert opinion as to Plaintiff's economic loss.[1]  It is clear that Plaintiff would like Mr. Lee to step into the shoes of its properly-designated expert witness, who Plaintiff has decided is no longer in its best interests to present.  Given the timing of the request, the unfair surprise worked on Defendant, and the inherently expert nature of Mr. Lee's testimony, the

---

[1] The Court acknowledges the Fourth Circuit's decision in *MCI Telecommunications, Corp. v. Wanzer* that lay witnesses may introduce opinion testimony "provided that it is well founded on personal knowledge as distinguished from hypothetical facts."  897 F.2d 703, 706 (4th Cir. 1990) (internal quotations and alteration omitted).  *Wanzer* does not apply here, however, because the Court finds that Mr. Lee is offered to provide expert testimony on damages.  Plaintiff acknowledges that Mr. Lee will testify based on Mr. Hodges's expert reports and projections about the financial implications of the hypothetical situation in which Defendant did not service certain transient aircraft from 2006 to the present.

Court will not permit Mr. Lee to testify regarding Plaintiff's alleged damages.

This memorandum opinion is in further support of the decision announced in open court on June 16, 2009 in this matter.[2] For these reasons and those stated in open court, the Court finds that Plaintiff may not offer the testimony of Steven Lee with respect to Plaintiff's alleged damages.

An appropriate Order will issue.

August 4, 2009  _____/s/_____
Alexandria, Virginia              James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE

---

[2] On July 16, 2009, after a half-day of a bench trial, the parties informed the Court in chambers that they had reached a settlement agreement. They represented that their agreement next needed to be memorialized and approved by non-party MWAA. Based on this statement, the Court agreed to halt all further proceedings in this case. No settlement or stipulation of dismissal was ever submitted to the Court, however, and the parties have filed additional pleadings, indicating a lack of settlement. The Court has thus set a date for the bench trial to continue and enters this Memorandum Opinion and Order in anticipation of that proceeding.