IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| SIGNATURE FLIGHT SUPPORT CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 1:08cv955 (JCC) |
| LANDOW AVIATION LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Signature Flight Support Corp.'s (Plaintiff's) Motion for Reconsideration. For the following reasons, the Court will deny this motion.

### **I. Background**

This is an action by Plaintiff against Landow Aviation Limited Partnership (Defendant) requesting declaratory relief, a permanent injunction, and monetary damages stemming from Plaintiff's allegations that Defendant breached the obligations it undertook in the Ground Sublease Agreement (GSA) between the parties and under the Supplemental Agreement for the Development and Operation of Corporate Hangar Facilities (Supplemental Agreement) between Plaintiff and the Metropolitan Washington Airports Authority (MWAA). On June 16, 2009, the parties came before the Court for a bench trial. Following the parties'

opening statements, the Court made a ruling with which Plaintiff now takes issue.

The disputed ruling bars Plaintiff from offering Steven Lee (Lee), Plaintiff's Chief Operating Officer, from testifying on damages. The Court made this ruling after hearing opening statements and arguments specifically directed at this issue. Defendant objected to Lee's testimony because Plaintiff had not designated Lee as an expert witness or notified Defendant of its intent to offer him in lieu of its previously and properly designated damages expert, Michael Hodges (Hodges).

The Court first addressed the question of whether Lee's testimony would consist of expert or lay testimony. It held, based on Plaintiff's representations at trial, that Lee would offer expert testimony. Trial Tr. 51:20-22 ("I mean, there's several questions. One, is it expert testimony as opposed to lay? Well, I think it is more expert testimony. . ."). Next, the Court found that, because Plaintiff had not previously designated Mr. Lee as an expert witness on damages issues,[1] allowing Plaintiff to offer Lee in this capacity would cause unfair surprise and prejudice to Defendant. Trial Tr. 52:10-16 ("[Getting Mr. Hodges and then switching not even before trial or late before trial but in the morning of trial [and] saying that

---

[1] It is undisputed that Plaintiff never designated Lee as an expert witness.

Mr. Lee is going to testify is unfair."). It also find that proffering Lee as an expert would clearly violate of the requirements of the scheduling order in this case. Trial Tr. 52:10-16 (noting that the Scheduling Order entered by the magistrate judge requires parties to disclose their experts prior to opening arguments).

Following these decisions, the Court recessed. During the recess, the parties represented to the Court, in chambers, that they had reached a settlement agreement that needed to be memorialized and approved by non-party MWAA. Based on these representations, the Court froze this matter and awaited receipt of the final settlement agreement or stipulation of dismissal. No such document was submitted to the Court, however, and the parties eventually began filing additional pleadings. In response, the Court set a date for the bench trial to continue and issued a memorandum opinion and order further supporting and explaining its June 16, 2009 trial ruling regarding Lee's testimony. Mem. Op. and Order August 4, 2009.

In that memorandum opinion, the Court first repeated its conclusion that Lee's testimony "would necessarily constitute expert opinion as to Plaintiff's economic loss." Mem. Op. Aug. 4, 2009 3. It then confirmed that Lee was barred from testifying at trial as to Plaintiff's damages because "expert testimony

offered at this late date constitutes unfair surprise to Defendant." Mem. Op. Aug. 4, 2009 3.

The memorandum opinion also set forth the specific representations by Plaintiff that led the Court to conclude that Lee would offer expert testimony. First, in its interrogatory responses, Plaintiff represented that Mr. Hodges, its properly designated expert, would "'testify as to the facts and on the basis of information contained within his expert reports and the materials attached thereto.'" Mem. Op. Aug. 4, 2009 2 (*quoting* Pl.'s Supp. Resp. to Def.'s First Interrog. 2). Second, Plaintiff represented that, although it had not previously disclosed that Lee would testify regarding damages, the substance of the testimony was available to Defendant because Lee's "approach" and Hodges's "approach" "[a]re substantially similar," except for the fact that "the numbers . . . [are] somewhat more exact [now]." Mem. Op. Aug. 4, 2009 2 (*quoting* Trial Tr. June 16, 2009) (internal quotations and alterations omitted). Third, Plaintiff stated that Lee would "testify in accordance with the analysis that's set forth in interrogatory no. 12."[2] Mem. Op. Aug. 4, 2009 3 (*quoting* Trial Tr. June 16, 2009) (internal

---

[2] This interrogatory requested that Plaintiff "[d]escribe and itemize . . . all damages which Signature claims to have suffered as a result of breach of contract . . ." Pl.'s Resp. to Def.'s First Interrog. 20. Plaintiff responded that "[its] damages are difficult to calculate for many reasons, including not knowing precisely the services or products that each transient aircraft improperly diverted . . . would have purchased form Signature. Signature is in the process of compiling damages information . . . and will supplement this response accordingly." Pl.'s Resp. to Def.'s First Interrog. 20. It later supplemented its response one time.

4

quotations and alterations omitted). Plaintiff's supplemental response to Interrogatory No. 12 was a two-page analysis mirroring the numbers and conclusions in Hodges's expert report. Trial Tr. 35:19-22, 36:15-18, 39:23-40:2, 43:7-13, 44:15-45:5. Plaintiff did not further supplement its answer to this interrogatory to reflect any new damages theory.

On July 28, 2009, Plaintiff filed a Motion for Reconsideration asking the Court to reconsider its June 16, 2009 ruling. Defendant opposed this motion on August 12, 2009. Plaintiff filed a reply on August 18, 2009. Plaintiff's motion is currently before the Court.

## II. Standard of Review

Under Fed. R. Civ. P. 54(b), any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments." *Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). The district court's reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of declaratory judgments. *Am. Canoe*, 326 F.3d at 514. Instead, the district

judge may exercise his discretion to afford relief from his interlocutory orders "as justice requires." *Fayetteville Investors*, 936 F.2d at 1473. The discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration. *See Am. Canoe*, 326 F.3d at 515 (*quoting Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)).

### III. Analysis

Plaintiff submits that the Court's decision was incorrect because, in fact, Lee would offer only lay testimony as to facts within his personal knowledge that are relevant to Plaintiff's alleged damages. Pl.'s Mot. for Recons. 7-9. It thus requests that the Court allow Lee to testify as a lay witness, even though he cannot testify as an expert witness. The Court has considered the arguments presented by the parties in their papers and at the hearing and finds no basis on which to reconsider its ruling. First, it affirms its decision that Lee's testimony "would necessarily constitute expert opinion as to Plaintiff's economic loss." Mem. Op. Aug. 4, 2009 3. Second, it affirms the resulting ruling that Lee may not testify at trial on damages because Lee offers only expert testimony and Plaintiff did not designate him as an expert witness. Mem. Op. Aug. 4, 2009 2.

The testimony of lay and expert witnesses is governed by two related rules of evidence. Federal Rule of Evidence 702 permits parties to offer "a witness qualified as an expert" to testify regarding the witness's "scientific, technical, or other specialized knowledge" when that testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 701, by contrast, allows lay witnesses to testify as to "opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Subsection (c) was added in 2000 to "eliminate the risk that the [] requirements set forth in Rule 702 will be evaded [by] proffering an expert in lay witness clothing." Fed. R. Evid. 702 advisory committee notes. Thus, in order to properly follow the rules of evidence, courts must carefully differentiate between expert and lay witnesses.

In its notes to this amendment, the Advisory Committee specifically acknowledged that courts have allowed the owner or officer of a business "to testify to the value or the projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *Id.* (*citing Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d. Cir. 1993)). *Lightning Lube* held that an owner or officer could

testify as to projected profits if he "has personal knowledge of the components and materials of the report; and either (1) he helped prepare the report based on personal knowledge; or (2) the contents of the report are admissible themselves." *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1273 (M.D. Ala. 2001) (*citing Lightning Lube*, 4 F.3d at 1175). The committee's "reliance on *Lightning Lube* implies that district courts should admit lay testimony regarding profits in a manner that is consistent with the holding of that case." *Nationwide Trans. Finance v. Cass Info. Sys., Inc.*, 2006 WL 5242377, at *6.

The Court thus evaluated whether Lee's proffered testimony qualifies as lay testimony under *Lightning Lube*; it finds that it does not. First, Plaintiff although Plaintiff clearly represents that it intends "to [e]licit [o]nly [l]ay [t]estimony [f]rom Mr. Lee," Pl.'s Reply 3, it does not demonstrate that Lee has sufficient personal knowledge of the information underlying the damages calculations set forth in Hodges' report and Plaintiff's response to Interrogatory No. 12. *See LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929-30 (10th Cir. 2004) (finding that a party must lay an adequate foundation for the witness's personal knowledge of the business and factors relied on to estimate profits to testify to these numbers); *see also Nationwide Trans. Finance*, 2006 WL 5242377, at *6 (*citing LifeWise*). Plaintiff's only relevant representation

was that Lee "is familiar with the financials of [Plaintiff] and who has a reasonable basis for looking at numbers on an aircraft that were provided by [Defendant]." Trial Tr. 39:5-10. This is insufficient to show that Lee has personal knowledge of the numbers and methods underlying Plaintiff's response to Interrogatory No. 12.

Further, even were the Court to assume that Lee has "personal knowledge of the components and materials of the report," Lee still cannot qualify as a lay witness under *Lightening Lube*, 4 F.3d at 1175. Plaintiff does not argue that Lee assisted in the preparation of Hodges's report or that the report is independently admissible. While it generally asserted that "there was a substantial amount of communication between Signature Flight and Mr. Hodges with respect to damages, and Mr. Hodges's report would not have been submitted had it not met with the approval of senior financial people at Signature," Trial Tr. 45:1-5, this is insufficient to show that Lee had a personal role in creating the report.

Third, Plaintiff's current assertion that Lee will provide only lay testimony is foreclosed by its prior representations regarding the basis and content of Lee's testimony. At trial, Plaintiff explicitly (and repeatedly) represented that "what Mr. Lee is going to testify to is substantially consistent with Interrogatory Number 12." Trial Tr. 46:12-14; *see also* Trial Tr. 49:3-11, 44:19-20. In

presenting Lee, Plaintiff intended only to "put[] a different spokes person to that methodology [in its response to Interrogatory Number 12]" Trial Tr. 44:20-21.  As noted above, Plaintiff's responded to Interrogatory Number 12 with the substance of Hodges's expert report.  Trial Tr. 44:15-45:5.

Plaintiff now attempts to distance itself from these representations.  In fact, it completely ignores them in the pending motion and now asserts that Lee offers lay testimony because he would merely testify to figures that are located elsewhere in the record and in Plaintiff's trial exhibits.  Hr'g Tr. August 21, 2009 (referring to the National Sales Detail Report offered by Plaintiff).  The Court, however, finds that this argument is foreclosed by Plaintiff's statements at trial.  The Court will not permit Plaintiff to offer a continuously moving target on its monetary damages.  Nor will it allow Plaintiff to take advantage of the ten-week delay that occurred in the middle of this trial[3] to completely recast the testimony of a disputed witness.

The rules of evidence clearly "forbid[] the admission of expert testimony dressed in lay witness clothing." *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006).  Given Plaintiff's initial representations about the character and substance of Lee's testimony, as well as its recent attempts -

---

[3] Plaintiff itself, by explicitly representing to the Court that a settlement between the parties had been reached, effected this delay.

10

unsupported by any facts or evidence - to recast that testimony, the Court finds no reason to reconsider its June 16, 2009 ruling. Lee is an expert witness "dressed in lay witness clothing." *Id*. While it remains "clear that Plaintiff would like Mr. Lee to step into the shoes of its properly-designated expert witness, who Plaintiff has decided is no longer in its best interests to present," Mem. Op. Aug. 4, 2009 3, the Court will not permit Plaintiff to do so and avoid the requirements that Rule 702 places on expert witness testimony.

The Court will not address Plaintiff's additional request - also presented in its Motion for Reconsideration - that the Court also bar Defendant's expert witnesses from testifying at trial. Pl.'s Mot. for Recons. 10-11. Plaintiff asserts that Defendant failed identify its expert witnesses and the facts and opinions to which each would testify, in spite of Plaintiff's specific interrogatory requesting this information. Pl.'s Mot. for Recons. 10. Plaintiff thus asserts that, if the Court prevents Lee from testifying because of Plaintiff's "[p]erceived [f]ailure" to properly respond to Defendant's interrogatories, then Defendant "[s]hould [s]uffer the [s]ame [f]ate" for its corresponding (alleged) failure. Pl.'s Mot. for Recons. 10. This request is improperly included in Plaintiff's Motion for Reconsideration. There is no relevant decision by the Court that it may "reconsider" in response to the pending motion.

### III. Conclusion

For these reasons, the Court will deny Plaintiff's Motion for Reconsideration.

An appropriate Order will issue.

August 25, 2009  
Alexandria, Virginia

_____/s/_____  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE