IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIGNATURE FLIGHT SUPPORT CORPORATION,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>LANDOW AVIATION LIMITED PARTNERSHIP,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 1:08CV955-JCC-TRJ |

### DEFENDANT/COUNTERCLAIM PLAINTIFF LANDOW AVIATION LIMITED PARTNERSHIP'S MOTION TO EXTEND THE TIME IN WHICH TO RESPOND TO THE MOTION FOR ATTORNEYS' FEES AND RELATED COSTS OF SIGNATURE FLIGHT SUPPORT CORPORATION AND TO CONTINUE THE HEARING THEREON

Defendant/Counterclaim Plaintiff, Landow Aviation Limited Partnership (hereinafter "**Landow**"), by counsel, respectfully moves this Court to enter an order extending the time in which Landow may respond to the Motion for Attorneys' Fees and Related Costs of Signature Flight Support Corporation ("**Signature**") and continuing the hearing thereon noticed by Signature for April 30, 2010. Specifically, Landow requests an extension to and including May 17, 2010, in which to oppose Signature's Motion.

As grounds and support of this Motion, Landow respectfully states as follows:

1. The Court is already familiar with this matter which was pending before the Court from the time the Complaint was filed in September 2008 until the Court issued the Memorandum Opinion in March 2010. Upon entry of the Order accompanying the

Memorandum Opinion, the Court established a schedule with respect to Signature seeking an award of attorney's fees and expenses.

2. On April 1, 2010, Signature filed its Motion for Attorneys' Fees and Related Costs. By that Motion, Signature requests an award for just under $1.8 million in attorneys' and other professional fees and related costs and expenses.

3. In support of its Motion, Signature submitted a 26-page Memorandum supported by extensive materials, seemingly about 4-5 inches of materials.

4. In support of its Motion, Signature submitted the Affidavit of Louis E. Dolan, Jr., its trial counsel, and the Declaration of Robert A. Angle, Esq., offered apparently as an expert witness, in support of Signature's monetary claim. In addition, Signature submitted computer generated time records containing entries beginning in December, 2006 and continuing until at least November 17, 2009. There are numerous, hundreds if not thousands, of individual time entries. Additionally, Signature submitted computer-based expense records, together with documents which Signature has represented support those computer entries.

5. In order to respond appropriately to Signature's Motion, Landow will necessarily have to review and analyze each of the time entries, as well as all of the expense requests. To do that will require a significant time commitment, as a matter of understatement.

6. In order to respond appropriately to Signature's Motion, Landow will also necessarily have to review and analyze all of the expense entries for which reimbursement is requested.

7. In order to respond appropriately to the Motion, Landow will seemingly have to engage an expert witness to become familiar with this litigation, including the issues, the

pleadings, the motions, the depositions, the trial proceedings, and all of the other aspects of the case. That, too, will take a substantial commitment of an expert witness' time and energy.

8. In its Order, the Court noted that Landow would have 15 days in which to respond to Signature's request. Landow respectfully submits that that is too short and not an adequate time period in which to afford it a fair opportunity to respond to Signature's request for approximately $1.8M.

9. An appropriate analysis will include, among other things, analyzing amounts Signature spent on motions upon which it did not prevail, whether initiated by Signature or Landow. That includes, among others, in chronological order: Landow's Motion to Dismiss Count III of the Complaint (10/08); Signature's Motion for Preliminary Injunction (12/08); Landow's Motion for Leave to File an Amended Counterclaim (2/09); Landow's Motion to Compel Production of Documents (3/09); Landow's Motion for Summary Judgment on Count III of the Amended Complaint (4/09); Signature's Motion to Strike the Designation of Eric T. Smith as an Expert Witness and Preclude Testimony (5/09); Signature's Motion in Limine to Strike the Designation of Richard Ryan as an Expert Witness and Preclude Testimony (5/09); Signature's Motion in Limine to Exclude Certain Proposed Trial Exhibits and Testimony of Certain Witnesses Not Timely Disclosed (6/09); Landow's Motion that the Court Take Judicial Notice (FAA Circular) (6/09); Signature's Motion to Exclude Parol Evidence and to Narrow the Issues for Trial (6/09); Landow's Motion for Reconsideration Regarding Memorandum and Opinion and to Vacate, Revise, Modify and Clarify the Memorandum Opinion (6/09); and Landow's Motion to Strike Damage Claim via Testimony of Steve Lee (6/09). Thus, Signature seeks an award of fees, likely at least hundreds of thousands of dollars of fees, with respect to numerous matters upon which it did not prevail in any respect. It will take not insignificant time to analyze

these matters further and to endeavor to determine the fees and expenses sought by Signature with respect to those failed efforts.

10. That is particularly the case given the volume of materials submitted by Signature and the analysis required of those materials and Landow's counsel's other ongoing commitments in other matters.

11. Landow has not previously requested an extension with respect to Signature's request.

12. Signature will not suffer any prejudice as a result of the brief extension of time requested here. Moreover, this is not likely to mark the last phase of these proceedings given Landow's appellant rights, both with respect to the Court's prior rulings and the Court's ultimate decision on this $1.8M claim.

13. Signature has declined to consent to the requested extension and, through counsel, has stated its intention to oppose this Motion.

14. Given the dollar amounts in issue, which by themselves would constitute a substantial case, and the other circumstances set forth here, Landow respectfully submits that there is good cause for the relief sought.

WHEREFORE, Defendant/Counterclaim Plaintiff Landow Aviation Limited Partnership respectfully prays that its Motion be granted, that the time in which it is to respond to Signature's request for an award of fees and related costs be extended to and including May 17, 2010, that the Court enter an order continuing the hearing noticed by Signature for April 30, 2010, and that the Court award to Landow Aviation Limited Partnership such other and further relief as it deems to be just and proper.

Respectfully submitted,

_____/s/_____
John D.V. Ferman, Esq.
(Virginia Bar #70980)
Allen V. Farber (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 354-1382
Facsimile: (202) 230-5354
John.Ferman@dbr.com
Allen.Farber@dbr.com

*Counsel for Defendant/Counterclaim Plaintiff,*
*Landow Aviation Limited Partnership*

## CERTIFICATE OF COUNSEL

Landow Aviation Limited Partnership, by counsel, hereby certifies that it made a good faith effort to resolve the issues raised by this Motion in advance of filing with Signature's counsel. On behalf of Landow Aviation Limited Partnership, Allen Farber inquired of Louis Dolan as to whether Signature would agree to the extension requested. Mr. Dolan declined to agree to any extension and informed Mr. Farber that he had no authority to consent to any extension whatsoever and that Signature would oppose any motion for an extension.

       /s/
John D.V. Ferman, Esq.
(Virginia Bar #70980)
Allen V. Farber (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 354-1382
Facsimile: (202) 230-5354
John.Ferman@dbr.com
Allen.Farber@dbr.com

*Counsel for Defendant/Counterclaim Plaintiff,
Landow Aviation Limited Partnership*

## CERTIFICATION OF SERVICE

I hereby certify that on this 8th day of April, 2010, I filed the foregoing Motion to Extend the Time in which to Respond to the Motion for Attorney's Fees and Related Costs of Signature Flight Support Corporation and to Continue the Hearing Thereon via the CM/ECF electronic filing system, which will send notice of the filing (NEF) to counsel for Signature Flight Support Corporation listed below, and constitutes service under the rules.

> Louis E. Dolan, Esq.
> Nixon Peabody, LLP
> 401 9th Street, N.W., Suite 900
> Washington, D.C. 20004-2128
> ldolan@nixonpeabody.com

> /s/
> John D.V. Ferman, Esq.
> (Virginia Bar #70980)
> Allen V. Farber (admitted *pro hac vice*)
> Drinker Biddle & Reath LLP
> 1500 K Street, N.W., Suite 1100
> Washington, D.C. 20005
> Telephone: (202) 354-1382
> Facsimile: (202) 230-5354
> John.Ferman@dbr.com
> Allen.Farber@dbr.com
>
> *Counsel for Defendant/Counterclaim Plaintiff,*
> *Landow Aviation Limited Partnership*